■ HAN SOO LEE et al., Plaintiffs, v RIVERHEAD BAY MOTORS et al., Defendants. EDWARD H. SUH AND ASSOCIATES, P.C., Nonparty Appellant; LAW OFFICES OF KENNETH A. WILHELM, Nonparty Respondent. [21 NYS3d 624]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered December 22, 2014, which, to the extent appealed from, denied nonparty former counsel Edward H. Suh and Associates, P.C.'s motion insofar as it sought interest to run from February 28, 2012 to the date of entry of a final judgment against nonparty current counsel, unanimously affirmed, without costs.

Supreme Court properly declined to compute interest under CPLR 5002, as that section allows for interest from the date a verdict is rendered, or a report or decision is made, to the date of entry of a final judgment. Here, there was no verdict, report or decision; rather, by order entered October 18, 2011, Supreme Court (same court and Justice) awarded former counsel $50,000 upon its motion for a proportional distribution of the contingency fee in the underlying personal injury action. Thus, Supreme Court correctly calculated interest pursuant to CPLR 5003, which provides that "[e]very order directing the payment of money which has been docketed as a judgment shall bear interest from the date of such docketing." Because CPLR 2222 directs that upon request, "the clerk shall docket as a judgment an order directing the payment of money," Supreme Court correctly concluded that the Clerk erred by refusing to enter the October 18, 2011 order as a judgment when asked to do so on March 19, 2014, and that interest, therefore, should be calculated from the latter date pursuant to CPLR 5003.

We deny respondent's request for sanctions, as former

counsel appeal is not precluded by law of the case, nor is it frivolous. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.